#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA GUNTHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1131-STE |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of the Social Security | ) |
| Administration,[1] | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of Social Security and he is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

## I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 149-181). On review, the Appeals Council remanded the case for a second hearing. (TR. 190-191). Following another administrative hearing, the ALJ issued a second unfavorable decision. (TR. 27-41). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the second decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 20, 2010, her alleged onset date. (TR. 30). At step two, the ALJ determined that Ms. Gunther had the following severe impairments: bilateral carpal tunnel syndrome status-post bilateral surgical release in 2008; hypertension; osteoarthritis of the bilateral knees; osteoarthritis of the back; osteoarthritis of the right hip status-post right hip replacement; and degenerative joint disease of the right knee status post arthroplasty. (TR. 30). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 33).

At step four, the ALJ concluded that Ms. Gunther retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except and meaning the claimant can lift/carry/push/pull 10 pounds occasionally, less than 10 pounds frequently; stand and walk for two hours in an eight hour workday; sit for six hours in an eight hour workday; frequently reach, handle, finger and feel bilaterally. In addition, the claimant requires the use of a cane in the left upper extremity for ambulation.

(TR. 33-34). With this RFC, the ALJ concluded that Ms. Gunther was unable to perform her past relevant work. (TR. 39). Thus, the ALJ proceeded to step five and presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 70). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 73-74). The ALJ adopted the VE's testimony and concluded that Ms. Gunther was not disabled at step five. (TR. 40).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Ms. Gunther alleges: (1) the ALJ erred in evaluating a treating physician's opinion, (2) the RFC failed to accommodate the use of a cane while standing, and (3) error at step five. (ECF No. 16:4-15).

## V. ERROR IN THE EVALUATION OF A TREATING PHYSICIAN'S OPINION

As alleged by Ms. Gunther, the ALJ erred in evaluating the opinion of treating physician, Dr. Mark Winchester.

### A. The ALJ's Duties in Evaluating A Treating Physician's Opinion

Regardless of its source, the ALJ has a duty to evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. §§ 404.1527(c) & 416.927(c). The weight given each opinion will vary according to the relationship between the claimant and medical professional. *Hamlin*, 365 F.3d at 1215. For example, in evaluating a treating physician's opinion, the ALJ must follow a two-pronged analysis. First, the ALJ must determine, then explain, whether the opinion is entitled to controlling weight. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

This analysis, in turn, consists of two phases. First, an ALJ must consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with other substantial evidence in the record. Policy

4

Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188, at 2 (July 2, 1996) (SSR 96-2p) (internal quotations omitted). If controlling weight is declined, the ALJ must assess the opinion under a series of factors which are considered when assessing *any* medical opinion, regardless of its source. These factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Krausner v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011); 20 C.F.R §§ 404.1527(c) & 416.927(c). Although the ALJ need not explicitly discuss each factor, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). If the ALJ rejects an opinion completely, she must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

### B.   Dr. Winchester's Opinions/The ALJ's Evaluation

On August 12, 2014, Dr. Winchester completed a "Residual Functional Capacity Form" wherein he opined that Plaintiff:

- suffered from severe degenerative joint disease and severe constant pain;
- is very limited in her ability to walk;
- could regularly lift and/or carry objects weighing less than five pounds;

5

- could stand, with assistance from a cane for a maximum of 20 minutes;

- could sit upright for 2 hours;[2]

- could walk non-stop for 50 feet or 3-5 minutes, with a cane for support;

- could "rarely" (0-30% of the time) handle or finger objects, reach above her shoulders, and reach towards the floor;

- could consistently (70-100% of the time) reach down to waist level;

- had difficulty lifting, pulling, holding objects, bending, squatting, kneeling, and turning her body; and

- was unable to work.

(TR. 682-686).

The ALJ recited Dr. Winchester's findings, but rejected the opinions in their entirety. (TR. 37-38).[3] In doing so, the ALJ stated:

> On August 12, 2014, Dr. Winchester, noted that the claimant has severe chronic pain and is very limited in her ability to walk. The claimant is unable to sit upright for six to eight hours. The claimant walks with a cane for support

---

[2] The RFC form is somewhat ambiguous regarding Ms. Gunther's ability to sit and stand. Page two of the form asked whether the impairment prevented the patient from standing for 6-8 hours per day, to which Dr. Winchester checked "yes." (TR. 683). The next question asked whether the patient could stand at all, and if so, for how long, to which Dr. Winchester stated that Plaintiff could stand with assistance from a cane for support for 20 minutes. (TR. 683). The next question asked whether the impairment prevented the patient from sitting upright for 6-8 hours per day, to which Dr. Winchester checked "yes." (TR. 683). The follow up question asked whether the patient could stand, at all, and if so for how long, to which Dr. Winchester wrote "2." (TR. 683). The Court assumes that the form contained a typographical error in asking *twice*, regarding how long Ms. Gunther was able to stand, and assumes that the latter question pertained to the length of time Plaintiff was able to *sit*, as the inquiry had immediately followed the question regarding whether Ms. Gunther could sit. *See* TR. 683. The ambiguity does not affect the outcome, as remand is still required for reconsideration of Dr. Winchester's entire opinion. *See infra*.

[3] Although the ALJ stated that he gave Dr. Winchester's opinions "limited weight," the ALJ actually rejected them. *Compare* TR. 682-686 (Dr. Winchester's findings) *with* TR. 33-34 (RFC). *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (noting that the ALJ's accordance of "little" weight to physician's opinion was "tantamount to rejection of her opinion.").

6

and can only walk non-stop with a cane for 50 feet or 3-5 minutes. In addition, the claimant can rarely reach up above shoulders, consistently reach down to waist level; rarely reach down towards the floor; rarely handle objects or finger; can frequently and occasionally lift less than five pounds; and would have difficulty bending, squatting, kneeling, lifting, pulling, and holding objects (Exhibit 32F). Limited weight is given to these opinions. Dr. Winchester is a treating source, but his opinion is not consistent with the record as a whole. Treatment notes show that the claimant's symptoms improved after she had surgery. By January 2015, the claimant was able to walk without assistance from a cane (Exhibit 35F/12). Subsequently, the claimant continued to improved [sic] and reported that she was working on her deck and completing projects around the house (Exhibit 44F/2). Furthermore, statements that a claimant is "disabled", "unable to work", can or cannot perform a past job, meets a Listing or the like are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth herein. Such issues are reserved to the Commissioner, who cannot abdicate his statutory responsibility to determine the ultimate issue of disability.

(TR. 37-38).

### C. Error in the ALJ's Evaluation of Dr. Winchester's Opinions

Dr. Winchester's evaluation was composed of two parts: (1) his opinion regarding Plaintiff's abilities and limitations in various work-related areas and (2) his opinion that Ms. Gunther was unable to work. *See* TR. 682-686. At issue is the ALJ's evaluation of the various work-related limitations, which the ALJ rejected, finding that the opinions were not consistent with the record as a whole. (TR. 38).[4] Inconsistency with the record is a valid

---

[4] Plaintiff does not challenge the ALJ's rejection of Dr. Winchester's opinion regarding Ms. Gunther's inability to work. *See* ECF No. 16. But even if she had, the Court would affirm the ALJ's findings, as she correctly noted that the issue of disability was reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1) (stating that an opinion that the claimant was "unable to work" is reserved to the Commissioner; *see also* Social Security Ruling (SSR) 96–5p, 1996 WL 374183, Westlaw op. at *2 (July 2, 1996) (stating that the issue involving the existence of a "disability," under the Social Security Act, is reserved to the Commissioner). Although "opinions from any medical source on issues reserved to the Commissioner must never be ignored," SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996), the ALJ did not do so in this case. *See* TR. 38.

basis on which to reject an opinion. *See Krausner v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011); 20 C.F.R §§ 404.1527(c) & 416.927(c). Even so, the ALJ must "specifically highlight those portions of the record with which [the physician's] opinion was allegedly inconsistent." *Hamlin*, 365 F.3d at 1217. Here, the ALJ cited two examples of "inconsistency:"

1. a January 2015 record which stated that Ms. Gunther was able to walk without assistance from a cane; and

2. a May 16, 2016 record which the ALJ stated showed: "the claimant continued to improve[] and reported that she was working on her deck and completing projects around the house."

(TR. 38; citing TR. 773, 1049). Ms. Gunther alleges that these rationales are insufficient because they involve a mischaracterization of the record. (ECF No. 16:11-13). The Court agrees, in part.

First, Plaintiff points to a December 18, 2014 treatment record from Dr. Winchester which notes that Plaintiff "rarely uses a cane while at home" and argues "the ability to walk without a cane in the familiar environment of one's own home should not be evidence the ALJ uses to discount Ms. Gunther's need for a cane outside her home, i.e. at the workplace." (ECF No. 16:12). But the ALJ did not rely on the December 18, 2014 record; she relied on a January 2015 record which stated that Plaintiff was walking "without assistance from a cane." (TR. 773). That record made no distinction between inside versus outside of the home, it simply stated that Ms. Gunther did not require a cane for walking. *See* TR. 773. Thus, the Court finds this rationale to be a legally sufficient basis for the ALJ to have rejected Dr. Winchester's opinion regarding Plaintiff's need for a cane while walking.

8

Second, the ALJ rejected Dr. Winchester's opinions, stating: "[T]he claimant continued to improve[] and reported that she was working on her deck and completing projects around the house." (TR. 38). The Court finds this rationale insufficient for two reasons. First, as argued by Ms. Gunther, the ALJ's statement mischaracterized the evidence. The actual treatment record cited by the ALJ in support of her rationale stated: "[Ms. Gunther] reports when she works on the deck outside and completes chores inside the home she physically hurts[.]" (TR. 1049). The record did *not* note that Plaintiff had "continued to improve" and in fact, the findings only underscored Dr. Winchester's opinion that Plaintiff suffered from constant and chronic pain. *See* TR. 682, 684, 685. Second, findings that Plaintiff worked on her deck and completed projects around the house are not specific enough to encompass each of Dr. Winchester's findings in particular work-related areas. For both reasons, the ALJ's second rationale is insufficient.

In response, the Commissioner argues that the ALJ properly evaluated Dr. Winchester's opinions because:

- none of Dr. Winchester's 2013 or 2014 examinations showed that Plaintiff had difficulty sitting upright;

- Plaintiff never presented any evidence that she had difficulty sitting upright; and

- Plaintiff "could work on her deck and complete chores and projects around the house" as noted by the ALJ.

(ECF No. 19:9). But as noted by the Court: (1) the ALJ's reliance on Plaintiff's ability to do chores and work on her deck omitted mention of the fact that doing so caused her pain and

9

(2) Mr. Saul's comments regarding Plaintiff's sitting limitations ignores the multitude of other limitations set forth in Dr. Winchester's opinion.

In sum, the Court finds:

1. the ALJ provided a sufficient explanation for rejecting Dr. Winchester's opinion regarding Plaintiff's need for a cane to assist her in walking; and

2. the ALJ did not provide a sufficient explanation for rejecting the remainder of Dr. Winchester's opinion.[5]

As a result, remand is warranted. *See Allman v. Colvin*, 813 F.3d at 1332 ("[t]he reasons must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reason for that weight."); *Talbot v. Heckler*, 814 F.2d 1456, 1463 (10th Cir. 1987) (ALJ's statement which mischaracterized medical evidence was considered legally insufficient).

## VI. PLAINTIFF'S REMAINING ALLEGATIONS

Ms. Gunther also argues: (1) the RFC failed to accommodate her need for a cane while standing and (2) error at step five. But the Court declines consideration of these issues, because the RFC and possible step five findings may be affected following the remand for reconsideration of Dr. Winchester's opinions. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

---

[5] As stated, the ALJ properly considered Dr. Winchester's opinion that Plaintiff was unable to work, but that portion of the opinion is not at issue. *See supra*, n. 4.

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on July 17, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE